JOEL A. MONTGOMERY et al.

*v.*

KYLE TAPP.

*(Nashville,* December Term, 1958.)

Opinion filed January 23, 1959.
Rehearing denied March 12, 1959.

Taylor, Costen & Taylor, Memphis, for appellants.

James D. Causey and William H. Williams, Memphis, for appellee.

Mr. Justice Prewitt delivered the opinion of the Court.

The Chancellor overruled the demurrer of the several defendants herein and this appeal resulted.

The complainant, Kyle Tapp, filed his bill to quiet title on January 10, 1958, against the defendants below and appellants herein and Stanley Molasky and wife, Geraldine Molasky. Molasky and wife filed their answer to the

complainant's bill and they are not involved in this appeal.

The complainant, in his original bill, stated that he had purchased from Robert Stacey a contract to buy and sell land between the said Robert Stacey and Montgomery Investment Company, which contract had been signed on behalf of Montgomery Investment Company, by Joel A. Montgomery as President. This contract was filed of record on January 17, 1956, in the Register's Office of Shelby County.

On February 9, 1956, Joel A. Montgomery, acting in his capacity as president of the Joel A. Montgomery Construction Company, conveyed by warranty deed a different tract of land located quite some distance from the Tapp tract to defendant Stanley Molasky. This warranty deed was filed for record on February 14, 1956. This deed described the large tract of land to which defendants have referred to as the Molasky tract. This deed went on to place certain restrictions against the Molasky tract. This warranty deed then went on to describe the Tapp tract and to burden the Tapp tract with certain restrictions on this tract.

On February 11, 1957, complainant, Tapp, filed suit in the Chancery Court of Shelby County, seeking specific performance of the contract dated January 16, 1956, which had been assigned to him by Robert Stacey.

On May 17, 1957, a consent decree was entered divesting title in the Tapp tract out of the defendants and vesting same in the complainant, Kyle Tapp.

This decree further ordered the Clerk and Master to pay over to the defendant, Joel A. Montgomery Company,

$13,500, which sum had been heretofore deposited by the complainant.

Now, on January 10, 1958, complainant filed the instant suit in regard to the Tapp tract to quiet title and to remove the illegal restrictions placed thereon by the warranty deed from the defendant, Joel A. Montgomery Construction Company to Stanley Molasky, which deed conveyed the Molasky tract.

The original bill of the complainant further prayed that if the restriction could not be removed by the Chancery Court, that, in the alternative, the Court award damages to the complainant as the complainant had entered into a valid lease agreement with certain parties to install a curb service grocery market on his property, but because of the abovementioned restrictions, the complainant alleged that he could not comply with the lease agreement and had thereby suffered a substantial loss of rent and profit. The defendants demurred to the original bill and the Chancellor overruled the demurrer.

We do not think the Chancellor was in error in overruling the demurrer.

We fail to see how Joel A. Montgomery Construction Company, could in a warranty deed to Molasky, include the Tapp property and place restrictions on this property which complainant, Tapp owned.

The court did not err in overruling the demurrer of the defendant, Montgomery Investment Company, because the decree entered in the previous suit did not operate so as to cut off the complainant's right to bring a suit in Chancery Court to remove the illegal restrictions

placed on his property as this right did not accrue until he had acquired title to the land.

██ Contention is made that the original contract to sell the Tapp tract, which was executed by the Montgomery Investment Company and Robert Stacey and assigned by Stacey to complainant, was not duly acknowledged and properly recorded in the Register's Office of Shelby County. We think this point is immaterial because it is charged that the defendants had actual knowledge of the contract between Montgomery Investment Company and Robert Stacey. For purposes of this demurrer, the facts alleged in the original bill of the complainant must be taken as true.

"Instruments, without regard to registration, take effect and are equally good as to all persons who have actual notice of them from the date of such notice, except the conveyor's creditors. * * *." *Wilkins v. Mc-Corkle,* 112 Tenn. 688, 80 S.W. 834.

██ The law seems clear that where the Chancery Court acquires jurisdiction upon some recognized ground of equity, such as a bill to quiet title, it has the jurisdiction to award unliquidated damages in such suit as an incident of the jurisdiction. Gibson's Suits in Chancery, 5th Ed., Sec. 36, p. 40; *Union Planters' Bank & Trust Co. v. Memphis Hotel Co.,* 124 Tenn. 649, 139 S.W. 715, 39 L.R.A., N.S., 580.

Now, that the complainant has charged in his bill that unless the illegal restrictions are removed by the Chancery Court, the complainant will suffer a loss in rent and profits due to the fact that he has entered into a valid

lease agreement with certain parties to install a Handy-Pantry type drive-in grocery market on this property.

We think the complainant has pursued the proper remedy and under the facts in this case a bill to quiet title will lie. It results that the decree of the Chancery Court in overruling the demurrer is affirmed.